(Cincinnati Superior Court, January 1, 1894)

BARNES v. SWIFT.

---

Jurisdiction of State Courts against National Bank officers for alleged deceit.

The State Courts have jurisdiction of an action brought against the officers of a National bank to recover damages on account of alleged deceit practiced by such officers in making a false report of the condition of the bank, upon which the plaintiff claims to have relied, and by reason of which he claims to have suffered damages.

---

HUNT J,

This proceeding comes before the court on the demurrer of Edward L. Harper to the amended petition on the ground of want of jurisdiction over the subject matter in controversy. Other grounds are alleged in the demurrer, but the jurisdictional question alone was urged by counsel in both brief and oral argument.

The suit was originally brought against Edward L. Harper in common with other directors of the National Fidelity Bank, to recover damages on account of alleged deceit practiced upon the plaintiff by Edward L. Harper and other directors through a false report of the condition of the bank, upon which the plaintiff claims to have relied, and by reason of which he suffered damages.

The defendant, Edward L. Harper, was prosecuted in the circuit court of the United States for the Southern district of Ohio, by indictment for the violation of section 5209 of the Revised Statutes of the United States and was convicted. This section makes it a misdemeanor for every president, director, cashier, teller, clerk or agent of any association to make any false entry in any book, report, or statement of the association with intent to injure or defraud the association or any other company, body, politic or corporate, or any individual person, etc., etc. It is true that the making of a false report is not designated in express terms in the federal banking law, yet reference is made to false entries in reports, and it has been held on a motion to quash the language, "Whereby, by means of a false entry therein m de," in setion 5209, might be sufficient to support a finding that it was a false entry in a report within the meaning of the statute. United States v. Barton, 10 Fed. Rep., 874 (Feb. 18, 1882.) U. S. v. Hughitt, 45 Fed. Rep., 47 (Feb. 3, 1891).

It is urged, however that section 5239 of the Revised Statutes of the United States is intended to cover every liability which may arise under the national banking law by reason of the misconduct of the officers and directors. There indeed may be a forfeiture of all the rights, privileges and franchises of the association for a violation of any of the provisions of title four of the act, and in cases of such violation every director who participated in or assented to the same, shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person shall have sustained in consequence of such violation. This language is comprehensive, but there is no averment in the amended petition that any suit has been instituted in the federal courts by the receiver on the part of the shareholders or otherwise. The demurrer must be de-

termined on the pleading as presented. There is the express allegation that the report was not only false concerning the National Fidelity Bank, but known to be false, and that the plaintiff, relying upon the same, suffered the damages of which he complains. It cannot well be denied that the plaintiff at common law would have had his action on the case to recover the alleged deceit. The remedy provided in section 5239 of the Reivsed Statutes of the United States cannot well be regarded as limiting the right of recovery at common law for fraudulent representations resulting in injury, and since the pleadings do not disclose that any other jurisdiction has been invoked, the plaintiff is at ilberty to maintain his action in the state courts. Demurrer overruled.

Major Lloyd, for the Demurrer.

C. W. Baker, for the Defendant.